**INDUSTRIAL INSTRUMENT CORPORATION, Appellant,**

**v.**

**FORM FORGE COMPANY, DIVISION OF MILEY TRAILER CO., Appellee.**

No. 11602.

Court of Civil Appeals of Texas.

Austin.

April 24, 1968.

Louis H. Owen, III, Mitchell, Gilbert & McLean, Phillip W. Gilbert, Austin, for appellant.

Guenther & Dylla, Robert F. Mitchell, Edward V. Dylla, San Antonio, for appellee.

O'QUINN, Justice.

This appeal is from a judgment *nihil dicit* in a suit on open account.

Form Forge Company brought the suit originally in district court of Bexar County in July, 1966, against Industrial Instrument Corporation on an account for shipments of forged end housings in the amount of $2,614.83 and for interest and attorney's fees.

Industrial Instruments Corporation successfully asserted a plea of privilege, and the cause was transferred to district court in Travis County February 23, 1967. Attorneys representing Industrial Instrument Corporation were permitted on their motion to withdraw from the case April 3, 1967. The motion recited that agreement had been reached March 17, 1967, under which Industrial Instrument Corporation consented to the withdrawal.

Thereafter, until after judgment *nihil dicit* was entered September 12, 1967, Industrial Instrument Corporation was without counsel representing it in the lawsuit. During this interval of five months communications were carried on directly between counsel for Form Forge Company and an executive employee of Industrial Instrument Corporation.

Early in April, 1967, counsel for Appellee Form Forge Company obtained a setting of the case for June 16 and advised appellant of the setting by letter in which was enclosed copy of the order of the court setting the cause for trial. Prior to the date of the hearing, counsel for appellee agreed with appellant that the cause would be passed and that appellant would be notified of a new date of trial.

By letter dated June 16, 1967, counsel for appellee advised appellant that the case had been set for hearing on September 8, 1967. Counsel for appellee also notified appellant by telephone in June that the case had been set for September 8. There was no other communication between the parties until after judgment was taken in September.

Appellant did not appear for trial on September 8 and did not employ counsel in

the case until after that date and after being notified by counsel for appellee that judgment had been taken.

Appellant then employed counsel who timely filed motion for new trial. After a hearing, the trial court overruled the motion.

We affirm the judgment of the trial court.

Appellant assigns two points of error. The first is that appellant was not given notice of the setting for trial. Under this contention, appellant complains of a non-conformed copy of the court order setting the case which counsel for appellee enclosed with his letter advising of the setting for September 8. The principal criticism of the copy of the order is that the Bexar County number of the cause and the number of the district court of Bexar County were shown on the order and not the new cause number assigned after transfer of the cause to Travis County, and the copy did not state the number of the Travis County Court. The further objection is made that the blank lines of the copy did not show that the order was signed by the judge of the court.

The copy of the order shows the cause to be in Travis County and that a hearing of the cause would "be had * * * on the merits on the 8th day of September A. D.1967, at 9 o'clock a.m., before the Presiding Judge of the District Courts of Travis County, Texas." This statement in the order is consistent with the statement in the letter of counsel for appellee who advised appellant, "You will note that the hearing date is September 8, 1967 at 9 o'clock a.m. in the District Court room."

■ Appellant insists it did not intentionally ignore notice of trial but expected additional notice from the judge of the district court. An attempt on appeal is made to invoke a rule of the district judges of Travis County, which was approved by the Supreme Court to be effective July 1, 1967, requiring notice by "mail to each attorney of record" of the setting of a case. The order does not appear to be retrospective to require notice of settings made prior to July 1, 1967.

■ We think appellant had clear and intelligible notice that this cause would be heard on its merits in district court of Travis County at 9 o'clock on the morning of September 8, 1967. We find no merit in the contentions made under the first point of error, and the point is overruled.

Under its second point of error appellant urges that new trial should have been granted on its timely motion because appellant's failure to appear at trial was not intentional, or the result of conscious indifference on its part, but was due to mistake, and because appellant urged a meritorious defense and asked for a new trial when the granting would work no injury to the appellee.

We have carefully examined the record in this cause and find no merit in the contentions made under this point of error.

Whether a trial court has abused its discretion in not granting motion for new trial in cases of default judgments and judgments *nihil dicit* is a question to be determined under the rule of Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124. The rule announced in that case in 1939 was restated by the Supreme Court in the recent case of Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966). The rule is applied to judgments *nihil dicit* as well as to default judgments. Strode v. Silverman, 217 S.W.2d 454 (Tex.Civ.App., Waco, writ ref.).

■ We think appellant has failed to show a reasonable excuse for failure to ap-

pear at the time this case was tried. Appellant knew on March 17 that the attorneys who had been representing the corporation in this lawsuit were going to withdraw from the case. It was not until after judgment in September that appellant sought to obtain the case file from the attorneys. It was known to appellant on April 3 that the court had approved withdrawal of appellant's counsel and that the attorneys no longer represented the corporation. After that date appellant, through its executive employee in charge of the case, dealt directly with counsel for appellee, both by telephone and by letters received from the attorney. The evidence is undisputed that appellant was advised orally and in writing in June that the case was set for trial September 8, 1967.

Appellant had ample time in which to employ attorneys to undertake defense of the case. The excuse appellant offers that it had not received the case file from its former attorneys appears insubstantial and trivial in the light of the positive notice in June that the case was set for trial in September. Appellant had at least two and one half months in which to employ counsel after learning of the September setting and more than five months after the first attorneys had withdrawn from the case.

The record does not show that appellant sought by appearance in the cause or otherwise to seek postponement or continuance, or in any manner to resist the suit. We find no reason, other than appellant's own conduct, in waiting for additional notice from the court and waiting for the case file from its former attorneys, to account for its failure to take the steps an ordinary prudent person should take to protect interests and rights at issue in a lawsuit. There is no substantial showing that efforts were being made by either appellant or appellee to compromise and settle the case, and appellee denies that any such negotiations were being conducted in the period between the setting of the case and the date of trial.

We regard the case of Burnett v. Meletio, 351 S.W.2d 912 (Tex.Civ.App., Dallas, writ ref. n.r.e.) in point in applying the rule of Craddock v. Sunshine Bus Lines, supra, to the facts of this case.

The trial court heard evidence on the motion for new trial and concluded that the motion should be overruled. We are unable to find any reason to hold that the trial court abused his discretion. Appellant's second point of error is overruled.

The judgment of the district court is affirmed.

Affirmed.