SOUTHWEST PLAZA APARTMENTS, INC., et al., Appellants,

v.

CORPUS CHRISTI BRICK & LUMBER COMPANY, Appellee.

No. 1007.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 9, 1975.

Leo A. Kissner, Houston, for appellants.

Ronald D. Karchmer, Auforth, Nebrat, Keas & McCrury, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment rendered against the defendants following a trial where neither they nor their attorney were present. Corpus Christi Brick & Lumber Company, plaintiff, instituted suit against Southwest Plaza Apartments, Inc., F. H. Horn and H. D. Horn, defendants, on August 6, 1974. Southwest Plaza Apartments, Inc., was sued on an open account. F. H. Horn and H. D. Horn were sued on alleged written guarantees wherein they personally guaranteed payment to plaintiff of all charges for goods, materials and merchandise sold by it to Southwest Plaza Apartments, Inc. Each of the defendants filed an answer that consisted of a special exception and a general denial. All of the defendants were represented by the same attorney.

The case was tried to the court without a jury on February 12, 1975, and after evidence relating to plaintiff's cause of action was introduced, a joint and several judgment against the defendants in the amount of $68,511.55 was signed and rendered on February 14, 1975. Neither the defendants nor their attorney were present at the trial. Defendants timely filed a motion for new trial, which, after a hearing thereon, was overruled by the trial court. The defendants have perfected an appeal to this Court.

The only questions presented by the appeal are whether the motion for new trial alleged, and the evidence presented at the hearing proved, prima facie, that the failure of defendants and their attorney to appear at the trial was or was not the result of

conscious indifference to the defense of the lawsuit, and whether or not the defendants set up a meritorious defense to plaintiff's cause of action. We have reviewed the record in its entirety. The pleadings and the evidence on the issue of whether the failure to appear was or was not the result of conscious indifference need not be discussed inasmuch as the order overruling the motion for new trial must be affirmed because defendants failed to set up a meritorious defense.

■ It is well settled that a motion for new trial is addressed to the discretion of the trial court, and the court's action thereon will not be disturbed on appeal in the absence of an abuse of such discretion. *Mitchell v. Bass*, 26 Tex. 372 (1862); *Texas Employers' Insurance Association v. Waldon*, 392 S.W.2d 509 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.); *Hartford Accident & Indemnity Company v. Gladney*, 335 S.W.2d 792 (Tex.Civ.App.—Waco 1960, writ ref'd n. r. e.); *Gowan v. Reimers*, 220 S.W.2d 331 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n. r. e.).

■ The correct rule applicable to the case at bar is stated in *Craddock v. Sunshine Bus Lines. Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939, opinion adopted) as follows:

" . . . A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. . . . "

That rule applies to judgment nihil dicit as well as to default judgments. *Strode v. Silverman*, 217 S.W.2d 454 (Tex.Civ.App.—Waco 1949, writ ref'd); *Kirk v. Farmers Aerial Spraying Service, Inc.*, 496 S.W.2d 739 (Tex.Civ.App.—Amarillo 1973, no writ);

*Industrial Instrument Corporation v. Form Forge Co., Etc.*, 427 S.W.2d 955 (Tex.Civ. App.—Austin 1968, no writ).

The rule stated in *Craddock*, was restated and clarified by the Supreme Court in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.Sup.1966). In construing the requirement that the defaulting or absent defendant set up a meritorious defense, the Court, speaking through its then Chief Justice Calvert, said:

" . . . This does not mean that the motion (for new trial) should be granted if it merely *alleges* that the defendant has 'a meritorious defense'. The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. . . . " (Emphasis by the Supreme Court)

■ There are no allegations in the motion for new trial of any facts which in law would constitute a defense to the cause of action asserted by plaintiff. At the hearing on the motion for new trial, the defendants' attorney and the defendant F. H. Horn each testified. The remaining defendants did not testify.

Defendants contend that the testimony of F. H. Horn sets forth a meritorious defense because there existed a failure of consideration as to Southwest Plaza Apartments, Inc., "the principal obligor", in that it was not liable for the total obligation made the basis of plaintiff's suit, and there existed a failure of consideration to F. H. Horn and H. D. Horn, "the guarantors", because they could not be held liable on their guaranty without a consideration flowing to the principal obligor. The contentions cannot be sustained. There is no pleading of failure of consideration as a defense to plaintiff's action in the motion for new trial, and no facts are alleged in defendants' motion which, in law, would constitute "failure of consideration" as a defense to plaintiff's action. Furthermore, there is no evidence

which establishes, prima facie, that defendants have such a defense. The other contentions made by defendants have no merit. They go only to asserted vagueness, indefiniteness, omissions and deficiencies in plaintiff's petition. They have no bearing on the motion for new trial and will not be noticed further.

F. H. Horn, in addition to testifying as to the reasons why he was unable to be present at the trial, also testified: he was not a partner of Southwest Plaza Apartments, Inc.; he was not a shareholder in that corporation; he did not receive any consideration for any agreement with plaintiff for the Southwest Plaza Apartments project; and he was not a party to the project. Those statements, which were introduced in evidence over plaintiff's objections, are not statements of facts which in law would relieve either of the defendants F. H. Horn and H. D. Horn from liability on their written guarantees to plaintiff. F. H. Horn's statement that he did not receive any consideration for any agreement with plaintiff is not a statement of fact, but, at best, is a mere conclusion. *Ivy v. Carrell,* supra.

Tested by the foregoing rules, the defendants failed to discharge their burden of "setting up a meritorious defense". Moreover, there is no evidence that the motion for new trial was "filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff". The trial court did not abuse his discretion in overruling the motion for new trial. Defendants' point is overruled.

The judgment of the trial court is affirmed.