**Richard WOOD, Appellant,**

v.

**ZENITH MORTGAGE COMPANY,
Appellee.**

**No. 7833.**

Court of Civil Appeals of Texas,
Beaumont.

May 27, 1976.

Rehearing Denied June 17, 1976.

John E. Powers, Austin, for appellant.
Thomas H. Watkins, Austin, for appellee.

KEITH, Justice.

Our appellant is one of two defendants who were cast in judgment when they failed to appear for trial of the case at the time of its setting. The other defendant has not perfected any appeal from such judgment.

Plaintiff below, Zenith Mortgage Company, alleged causes of action for breach of an express written contract, an express oral contract, and statutory attorney's fees in connection with the breach of the contracts. Appellant Wood and his co-defendant O. D. Kendrick, appeared and answered with Counsel No. One. Some six months later, an amended answer was filed for both defendants by Counsel No. Two. Thereafter, and at a time when the case was set for trial on June 2, 1975, Counsel No. Two sought a continuance, the pertinent allegations being set out in the margin.* The motion was granted and the cause was continued.

On June 4, the cause was set for trial on October 13, 1975, and both defendants had actual knowledge of such setting months before the actual trial date. Apparently, appellant did not cooperate with Counsel No. Two because he filed a motion for leave to withdraw as attorney of record for the defendants making the representation that "said defendants will obtain other counsel." Leave to withdraw was granted on July 31, 1975.

On October 8, 1975, Counsel No. Three filed a motion for continuance asserting that "[a]t this time, defendants have no attorney of record and are unable to safely go forward and prepare or present their defense in this cause." Further representations were made that such attorney had been "contacted" by defendants but he had had no opportunity to "interview the party Richard Wood" and had insufficient information about the case to either accept or reject the tendered employment. Counsel No. Three sought a 30-day postponement of the trial.

The parties are in apparent agreement that this second motion for continuance was overruled although we do not find any record showing thereof. At the appointed hour of 9 a. m., October 13, 1975, plaintiff's counsel was present in the courtroom but neither defendant nor Counsel No. Three was present. The cause proceeded to trial in defendants' absence after a jury had been impaneled; and, at the conclusion of the presentation of plaintiff's evidence, the court instructed the jury to return a verdict for the plaintiff and against the defendants and submitted a single issue, the amount of plaintiff's attorney's fees, to the jury.

---

* "Defendants cannot go safely to trial on account of the absence and consequent inability of Richard G. Wood [our appellant] to assist counsel in final preparation for trial, which is scheduled for June 2, 1975. . . .

"Richard Wood has been and continues to be unavailable to cooperate with counsel in final preparation for trial. . . ."

Defendant Kendrick got word that his case was being tried and rushed to the courthouse where he encountered plaintiff's counsel leaving the courtroom. Kendrick then learned that the case had been tried in his absence.

Defendants then retained Counsel No. Four; and we note in passing that Counsel No. Four began to work diligently upon the case. He followed precisely the required procedures laid down by our Supreme Court to guide counsel in such a situation. See generally, *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), and *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966). Counsel No. Four even anticipated the Supreme Court because he filed in October, 1975, a motion which offered to pay expenses incurred by Zenith in securing the default judgment. See *United Beef Producers, Inc. v. Lookingbill*, Tex., 532 S.W.2d 958, 19 Tex.Sup.Ct.Jrl. 167, 168 (February 4, 1976).

Although the trial court heard evidence on the motion for new trial, no order was entered thereon since the motion was overruled by operation of law. We do not have a transcript of the evidence introduced at such hearing. However, under the undisputed record (the transcript) which we do review, we are able to reach the vital issue presented by the appeal—the reasonable excuse for failure to appear.

 We need not consider whether or not defendant Kendrick was negligent in failing to appear at the trial; he did not appeal and his conduct is not under review. Appellant Wood labored under the burden of establishing that his default was "not intentional, or the result of conscious indifference on his part." *Craddock*, supra; *Ivy*, supra. With full knowledge that he was without counsel after July 31, he took no steps to retain counsel to prepare for the trial. Even when he "contacted" Counsel No. Three, a few days before the trial date, he did not even confer with him.

We adopt the language found in *Burnett v. Meletio*, 351 S.W.2d 912, 916 (Tex.Civ. App.—Dallas 1961, writ ref'd n. r. e.):

"It is our opinion that the appellant in this case has failed to demonstrate by this record one of the essential elements of the rule announced in the *Craddock* case, namely, a reasonable excuse for his failure to appear either in person or by attorney at the time this case was tried."

See also, *Industrial Instrument Corp. v. Form Forge Co., Etc.*, 427 S.W.2d 955, 958 (Tex.Civ.App.—Austin 1968, no writ).

We have reviewed the cases cited by appellant but find none to be persuasive under the record proof in this cause.

The appellant has failed to show that the trial court abused its discretion in not granting the motion for new trial; thus, we find no necessity of discussing the points relating to the meritorious defense argued in his brief.

The judgment of the trial court is affirmed.

AFFIRMED.