**Robert HOLBERG, Appellant,**

v.

**Jim SHORT, et al., Appellees.**

**No. B14-86-485-CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 9, 1987.

Rehearing Denied May 28, 1987.

William J. Eggleston, Houston, for appellant.

Raymond W. Greer, Houston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

PAUL PRESSLER, Justice.

This Court's opinion of January 29, 1987, is withdrawn and the following opinion is substituted therefor.

This is an appeal from a default judgment. Appellant alleged a default on a note given by appellees for the purchase of a travel agency from appellant. The appellees filed a counter-petition alleging violations of the Deceptive Trade Practices Act. The parties reached an accord and satisfaction on the note and a partial summary judgment was granted.

In May of 1985, appellant's attorney withdrew. On January 30, 1986, appellant received notice that the case was set for a pre-trial conference on February 21 and for trial on the remaining counterclaims on February 24. Appellant delivered the documents relating to his case to a new attorney on February 20, the day before the pre-trial conference. Neither appellant nor his attorney appeared for the pre-trial conference or the trial. On March 17, appellant received the proposed judgment of the trial court. The Court signed the judgment on March 20, and the Clerk's office sent notice of the signing to the appellant. On April 18, appellant received a certified copy of the signed judgment. On that same day he filed his motion for new trial. A hearing was held on the motion, and it was denied.

In his first point of error, appellant argues that because his motion and affidavit met the requirements of *Craddock v. Sunshine Bus Lines*, a new trial should have been granted. A motion to set aside a default judgment is addressed to the sound discretion of the trial court and will be overturned only upon a showing of an abuse of discretion. *Grissom v. Watson*, 704 S.W.2d 325 (Tex.1986). The standard for deciding such a motion also applies to a post-answer default judgment. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966).

■ The applicable rule is stated in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). In order for a new trial to be granted, the defendant must demonstrate that his failure to appear was not intentional or the result of conscious indifference, but rather due to accident or mistake; the motion for new trial must set up a meritorious defense; and the motion must show that the granting of the new trial will cause no delay or injury to the plaintiff. *Craddock v. Sunshine Bus Lines*, 133 S.W.2d at 126.

■ The burden of proof is upon appellant to show that the failure to appear at trial was not negligent, intentional, or the result of conscious indifference. *Ward v. Nava*, 488 S.W.2d 736 (Tex.1973). The trial court determines all such disputed facts. *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713 (Tex.Civ.App.—Dallas 1978, writ ref. n.r.e.). Conscious indifference means failing to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances. *Johnson v. Edmonds*, 712 S.W.2d 651 (Tex.App.—Fort Worth 1986, no writ).

In *Wood v. Zenith Mortgage Co.*, 538 S.W.2d 446 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.) appellant was without counsel for four months before the trial setting. A few days before trial appellant "contacted" new counsel but neither appellant nor his attorney appeared for the trial. The appellate court held that because, "with full knowledge that he was without counsel ..., he took no steps to retain counsel to prepare for trial", the appellant could not show that his failure to appear for trial was not intentional or the result of conscious indifference. *Wood v. Zenith Mortgage Co.*, 538 S.W.2d at 448. *See also Counts v. Counts*, 358 S.W.2d 192 (Tex.Civ.App.—Austin 1962) *appeal dism'd* 373 U.S. 543, 83 S.Ct. 1549, 10 L.Ed.2d 688 (1963).

■ Appellant alleges in his affidavit that his attorney's failure to appear at trial was the result of a misunderstanding or mistake. Once the defendant has alleged facts which, if true, negate intentional or consciously indifferent conduct, the defendant will have met his burden on this point unless the plaintiff controverts the defendant's claim. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984). When the plaintiff controverts the defendant's allegations, the trial court must look to the knowledge and acts of the defendant to determine whether his conduct was the result of conscious indifference or intentional

disregard. *See Strackbein*, 671 S.W.2d at 39.

In the affidavit attached to his Response to Appellant's Motion for New Trial, appellee controverted the appellant's allegations and asserted that appellant waited over nine months from the date his prior counsel withdrew before obtaining new counsel; he delivered the documents pertaining to his case to his new attorney one day before the pre-trial conference, which was only two business days before the trial; and, he waited thirty-one days after he received a copy of the proposed judgment before filing his Motion for New Trial. These facts were sufficient to controvert appellant's contention and indicate a pattern of behavior which the trial court could reasonably have found showed intentional disregard or conscious indifference. Once the trial court has made its determination, an appellate court will not reverse the decision unless there has been an abuse of discretion. *Strackbein*, 671 S.W.2d at 38.

The appellant has not met the first test of *Craddock*. The trial court did not, therefore, abuse its discretion in overruling his Motion for New Trial. The first point of error is overruled.

In his second point of error, appellant asserts that the trial court erred in not hearing evidence at the hearing on the Motion for New Trial. Attached to the motion and response was evidence in the form of affidavits and the deposition of the appellant. Appellant's complaint is that he was not allowed to present witnesses. However, no record was made of the hearing and appellant did not make a bill of exceptions. In the absence of a statement of facts, we are required to presume that the trial court's findings are supported by evidence in the record. *Ex Parte Savelle*, 398 S.W.2d 918 (Tex.1966); *Brochette v. Sosa*, 675 S.W.2d 807 (Tex.App.—Corpus Christi, 1984, no writ). The second point of error is overruled.

Appellant complains in his third point of error that the trial court erred in striking his pleadings and finding against him on the issue of liability. The judgment states that:

"... because of the failure of [appellant] to appear for the trial of this cause, [appellant's pleadings] were stricken from the pleadings in the ... cause by the Court."

The judgment further recites:

"Upon striking the pleadings of [appellant], the Court finds in favor of [appellees] and against [appellant] concerning the issue of liability."

Appellant had filed an answer denying appellees' cross claims. Appellant's failure to appear at trial is neither an abandonment of its answer nor an implied confession of any issue. The appellees' had the burden to offer evidence to prove all the elements of the cause of action asserted at trial. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979); *Stone Resources, Inc. v. Barnett*, 661 S.W.2d 148 (Tex.App.—Houston [1st Dist.] 1983, no writ).

Appellees assert that they offered evidence of appellant's liability at trial. Recitals in a judgment will be taken as true unless effectively rebutted by other evidence in the record. *Wilson v. Industrial Leasing Corp.*, 689 S.W.2d 496 (Tex. App.—Houston [1st Dist.] 1985, no writ). Neither party to this appeal has requested a statement of facts. There is, therefore, no evidence in the record to rebut the recitals in the judgment. According to the language of the judgment, appellees were not required to present evidence on the issue of liability because the trial court struck appellant's pleadings. The striking of pleadings is appropriate as a discovery sanction. Tex.R.Civ.P. 215. It is not appropriate in a post-answer default judgment. It was error for the trial court to strike appellant's pleadings. In order for the default judgment to stand, the appellees had the burden of proving their case as in a judgment upon trial. *Stoner v. Thompson*, 578 S.W.2d at 682. The recitals in the judgment and the lack of any controverting evidence support appellant's contention that appellees were erroneously not required to prove liability. The third point of error is sustained.

The judgment of the trial court is reversed and remanded for a trial on the merits.