**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

3/9/2015

**DORIAN E. RAMIREZ, CLERK**
**BY** JParedes

ACCEPTED
13-14-00462-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/9/2015 9:07:05 PM
DORIAN RAMIREZ
CLERK

# CAUSE NO. 13-14-462-CV

In The

Court of Appeals

For the

Thirteenth Appellate District

Corpus Christi, Texas

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

3/9/2015 9:07:05 PM

DORIAN E. RAMIREZ
Clerk

ALAMO HOME FINANCE and
GONZALEZ FINACIAL HOLDINGS

APPELLANTS

V.

MARIO DURAN and
MARIA DURAN

APPELLEES

# APPELLEES' RESPONSIVE BRIEF TO APPELLANT ALAMO HOME FINANCE

**Francisco J. Rodriguez**
**LAW OFFICE OF FRANCISCO J. RODRIGUEZ**
1111 W. Nolana Ave
McAllen, Texas 78504
Tel: (956) 687-4363
Fax: (956) 687-6415

**KEITH C. LIVESAY**
**LIVESAY LAW OFFICE**
BRAZOS SUITES NO. 9
517 West Nolana
McAllen, Texas 78504
(956) 928-0149

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES iv

WAIVER OF ORAL ARGUMENT xiv

STATEMENT OF NATURE OF CASE 2

ISSUES PRESENTED 2

STATEMENT OF FACTS 5

SUMMARY OF ARGUMENT 8

ARGUMENT 9

APPELLANT HAS CLEARLY FAILED
TO PRESERVE ERROR 9

 [A] Tax Lender Cannot Switch Horses Misstream 9

 [B] Improper Service Complaints Unpreserved 11

 [C] Trial Court Never Given Opportunity 17

TAX LENDER CLEARLY NOT ENTITLED
TO NEW TRIAL 19

 [A] Alleged Defects in Service Do Not Warrant New Trial 19

 [B] Holding Service of Process Improper Unconstitutional 25

 [C] New Trials Not Granted Like Valentine Flowers 28

 [D] Tax Lender Acted With Conscious Indifference 35

 [E] Tax Lender Failed to Set Up Meritorious Defense 41

 [F] Tax Lender's Offers of Equity Insufficient 44

CONCLUSION AND PRAYER                                      46

CERTIFICATE OF COMPLIANCE                                  47

CERTIFICATE OF SERVICE                                     48

# TABLE OF AUTHORITIES

Adams v. H & H Meat Products, Inc., 41 S.W.3d 762, 769
(Tex. App.--Corpus Christi 2000, no pet.)          33

Air Products & Chemicals, Inc. v Sanderson, 789 S.W.2d 651,
653 (Tex. App.--Beaumont 1990, no writ)          31

Berlanga v. Berlanga, 2012 WL 252497 at 1 (Tex. App.--
Beaumont 2012, no pet.)          16

Boatner v. Providence-Washington Ins. Co., 241 S.W. 136,
140 (Tex. Comm'n App. 1922, judgm't adopted)          10

Brock v. Sutker, 215 S.W.3d 927, 929 (Tex. App.--Dallas
2007, no pet.)          35

Bubba's of San Antonio v. Leyendecker Const., Inc., 2010
WL 2403717 (Tex. App.--San Antonio 2010, no pet.)          16

Cantu v. Butron, 921 S.W.2d 344, 349 (Tex. App.--Corpus
Christi 1996, writ denied)          33

Cantu v. Horany, 195 S.W.3d 867, 871 (Tex. App.--Dallas
2006, no pet.)          11

Cardenas v. Continental Ins. Co., 960 S.W.2d 401, 404 (Tex.
App.--Corpus Christi 1998, writ denied)          36

Carey Crutcher, Inc. v. Mid Coast Diesel Services, Inc., 725
S.W.2d 500 (Tex. App.--Corpus Christi 1987, no writ)          27

Cisneros v. Regalado Family Ltd. Partnership, 2011 WL
3366345 (Tex. App.--Corpus Christi 2011, no pet.)          17

City of Port Isabel v. Shiba, 976 S.W.2d 856, 859 (Tex.
App.--Corpus Christi 1998, writ denied)          33

Cocke v. Saks, 776 S.W.2d 788, 790 (Tex. App.--Corpus

Christi 1989, writ denied)     29

Columbia Rio Grande Regional Hospital v. Stover, 17 S.W.3d 387, 391 (Tex. App.--Corpus Christi 2000, no writ)     36

Continental Carbon Co. v. Sea-Land Service, Inc., 27 S.W.3d 184, 190 (Tex. App.--Dallas 2000, pet. denied)     33

Cornerstone Alternatives, Inc. v. Patterson Oldsmobile-GMC-Toyota, Inc., 696 S.W.2d 702 (Tex. App.--Fort Worth 1985, no writ)     40

Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)     28

Cross Marine, Inc. v. Lee, 905 S.W.2d 22, 25 (Tex. App.--Corpus Christi 1995, writ denied)     12

Davis v. Campbell, 572 S.W.2d 660, 662 (Tex. 1978)     10

Dorchester Gas Producing Co. v. Harlow Corp., 743 S.W.2d 243, 257 (Tex. App.--Amarillo 1987, writ denied)     21

Dreisbach v. Reed, 780 S.W.2d 901, 903 (Tex. App.--El Paso 1989, no writ)     38

Dupnik v. Aransas County Navigation District No. 1, 732 S.W.2d 780 (Tex. App.--Corpus Christi 1987, no writ)     28

E.C., Jr. ex rel. Gonzales v. Graydon, 28 S.W.3d 825, 829 (Tex. App.--Corpus Christi 2000, no pet.)     32

Engelman Irrigation Dist. v. Shields Bros., Inc., 960 S.W.2d 343, 354 (Tex. App.--Corpus Christi 1997), writ denied per curiam, 989 S.W.2d 360 (Tex. 1998)     31

Equinox Enterprises, Inc. v. Associated Media, Inc., 730 S.W.2d 872, 876 (Tex. App.--Dallas 1987, no writ)     41

Executive Tele-Communication Systems v. Buchbaum, 669 S.W.2d 400, 403 (Tex. App.--Dallas 1984, no writ)    34

Faulkner v. Stark, 2004 WL 1698052 at 2 (Tex. App.--Texarkana 2004, no pet.)    41

First National Bank of Bryan v. Peterson, 709 S.W.2d 276 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e)    45

Fluty v. Simmons Co., 835 S.W.2d 664, 667 (Tex. App.--Dallas 1992, no writ)    17

Fonseca v. County of Hidalgo, 527 S.W.2d 474, 481 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.)    33

Genereux v. Raytheon Co., 754 F.3d 51, 53 (1st Cir. 2014)    10

Gillenwaters v. State, 205 S.W.3d 534 (Tex. Cr. App. 2006)    13

Glittenberg v. Hughes, 524 S.W.2d 954, 956 57 (Tex. Civ. App.--Fort Worth 1975, no writ)    45

Haas v. George, 71 S.W.3d 904, 914 (Tex. App.--Texarkana 2002, no pet.)    35

Harmon Truck Lines, Inc. v. Steele, 836 S.W.2d 262, 265 (Tex. App.--Texarkana 1992, writ dism'd)    29

Haskins v. Finks, 470 S.W.2d 717, 718 (Tex. Civ. App.--Eastland 1971, writ ref'd n.r.e.)    43

Heath v. Herron, 732 S.W.2d 748, 752 (Tex. App.--Houston [14th Dist.] 1987, no writ)    35

Herbert v. Greater Gulf Coast Enterprises, Inc., 915 S.W.2d 866, 871 (Tex. App.--Houston [1st Dist.] 1995, no writ)    19

Herring v. Childers, 2004 WL 1926795 at 8 n. 9 (Tex. App.--Corpus Christi 2004, pet. denied)    17

Hester v. State, 497 S.W.2d 501, 503 (Tex. Civ. App.--El Paso 1972, writ ref'd n.r.e.)     16

Hicks v. Flores, 900 S.W.2d 504, 506-07 (Tex. App.--Amarillo 1995, no writ)     42

Hines v. Commission for Lawyer Discipline, 28 S.W.3d 697, 701 (Tex. App.--Corpus Christi 2000, no pet.)     32

Hirczy v. Hirczy, 838 S.W.2d 783, 785 (Tex. App.--Corpus Christi 1992, writ denied)     14

HL Farm Corp. v. Self, 877 S.W.2d 288, 292 (Tex. 1994)     24

Home Owners Funding Corp. of America v. Scheppler, 815 S.W.2d 884 (Tex. App.--Corpus Christi 1991, no writ)     31

Hughes v. Hughes, 407 S.W.2d 14, 16 (Tex. Civ. App.--Waco 1966, no writ)     12

Ikon Office Solutions, Inc. v. Integrity Communications, Ltd., 2006 WL 1644670 (Tex. App.--Corpus Christi 2006, no pet.)     23

In re D.M., 244 S.W.3d 397 (Tex. App.--Waco 2007, no pet.)     30

In re Frost Nat. Bank, 103 S.W.3d 647, 649 (Tex. App.--Corpus Christi 2003, mand. denied)     31

In re J.I.Z., 170 S.W.3d 881, 883 (Tex. App.--Corpus Christi 2005, no pet.)     32

James v. Comm'n for Lawyer Discipline, 310 S.W.3d 586, 594–95 (Tex. App.--Dallas 2010, no pet.)     18

Johnson v. Edmonds, 712 S.W.2d 651, 652-53 (Tex. App.--Fort Worth 1986, no writ)     38

K & M Tools, Inc. v. Bencon Management and General Contract-

ing Corp., 1997 WL 605097 at 3 (Tex. App.--Houston [14th Dist.] 1997, writ denied)   43

Kelly v. Brenham Floral Co., 2014 WL 4219448 at 4 (Tex. App.--Houston [1st Dist.] 2014, no pet.)   29

Kershner v. State Bar of Texas, 879 S.W.2d 343, 347-48 (Tex. App.--Houston [14th Dist.] 1994, writ denied)   11

Konkel v. Otwell, 65 S.W.3d 183, 187 (Tex. App.--Eastland 2001, no writ)   38

Kuehnhoefer v. Welch, 893 S.W.2d 689, 694 (Tex. App.-- Texarkana 1995, writ denied)   11

LEJ Development Corp. v. Southwest Bank, 407 S.W.3d 863, 866 (Tex. App.--Fort Worth 2013, no pet.)   19

Liberty Mutual Fire Ins. Co. v. Ybarra, 751 S.W.2d 615, 618 (Tex. App.--El Paso 1988, no writ)   28

Lilly v. Tolar, 2002 WL 1926527 at 3 (Tex. App.--Texarkana 2002, pet. denied)   18

Memorial Hospital System v. Fisher Ins. Agency, Inc., 835 S.W.2d 645 (Tex. App.--Houston [14th Dist.] 1992, no writ)   39

Mitchell Energy Corp. v. Bartlett, 958 S.W.2d 430, 444 (Tex. App.--Fort Worth 1997, writ denied)   10

Moore v. State, 295 S.W.3d 329, 333 (Tex Cr. App. 2009)   12

Most Worshipful Prince Grand Hall v. Jackson, 732 S.W.2d 407, 412 (Tex. App.--Dallas 1987, writ ref'd n.r.e.)   35

Myan Management Group, L.L.C. v. Adam Sparks Family Revocable Trust, 292 S.W.3d 750, 753 (Tex. App.-- Dallas 2009, no pet.)   21

Norwest Mortgage, Inc. v. Salinas, 999 S.W.2d 846, 865 (Tex. App.--Corpus Christi 1999, writ denied)     14

Oak Creek Homes, Inc. v. Jones, 758 S.W.2d 288, 290 (Tex. App.--Waco 1988, no writ)     29

O'Connell v. O'Connell, 843 S.W.2d 212 (Tex. App.--Texarkana 1992, no writ)     45

Ortiz v. Avante Villa at Corpus Christi, Inc., 926 S.W.2d 608, 613 (Tex. App.--Corpus Christi 1996, writ denied)     19

Ovalle v. Ovalle, 604 S.W.2d 526, 528 (Tex. Civ. App.--Waco 1980, no writ)     21

P & H Transp., Inc. v. Robinson, 930 S.W.2d 857 (Tex. App.--Houston [1s Dist.] 1996, writ denied)     22

Payne & Keller Co. v. Word, 732 S.W.2d 38, 41 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.)     20

Pena v. State, 285 S.W.3d 459, 464 (Tex. Cr. App. 2009)     14

Perez v. Cueto, 908 S.W.2d 29, 30 (Tex. App.--Houston [14th Dist. 1995, no writ)     11

Phifer v. Nacogdoches County Central Appraisal Dist., 45 S.W.3d 159, 173 (Tex. App.--Tyler 2000, pet. denied)     33

Popkowsi v. Gramza, 671 S.W.2d 915 (Tex. App.--Houston [1st Dist.] 1984, no writ)     20

Portfolio Recovery Associates, LLC v. Talplacido, 2012 WL 204541 at 2 (Tex. App.--Dallas 2012, no pet.)     16

Prasad v. Capital Farm Credit, FLCA, 2013 WL 3877666 at 2 (Tex. App.--Houston [1st Dist.] 2013, no pet.)     15

Prime Prods., Inc. v. SSI Plastics, 97 S.W.3d 631, 637 (Tex.

App.--Houston [1st Dist.] 2002, pet. denied)    42

Reading & Bates Const. Co. v. O'Donnell, 627 S.W.2d 239,
244 (Tex. App.--Corpus Christi 1982, writ ref'd n.r.e.)    32

Regalado v. State, 934 S.W.2d 852, 854 (Tex. App.--Corpus
Christi 1996, no writ)    11

Roberts v. Burkett, 802 S.W.2d 42, 47 (Tex. App.--Corpus
Christi 1990, no writ)    33

Rogers v. State, 291 S.W.3d 148, 151 (Tex. App.--Texarkana
2009, p.d.r. ref'd)    13

Rothstein v. State, 267 S.W.3d 366, 373 (Tex. App.—Houston
[14th Dist.] 2008, p.d.r. ref'd)    11

Salt Water Resources v. Kirkpatrick & O'Donnell Const. Equip-
ment Co., 694 S.W.2d 122, 123 (Tex. App.--Dallas 1985,
no writ)    43

Scenic Mountain Medical Center v. Castillo, 162 S.W.3d 587,
590-91 (Tex. App.--El Paso 2005, no pet.)    40

Siegler v. Williams, 658 S.W.2d 236, 239 (Tex. App.—Houston
[1st Dist.] 1983, no writ)    42

Shamrock Roofing Supply, Inc. v. Mercantile Nat. Bank at
Dallas, 703 S.W.2d 356, 357-58 (Tex. App.--Dallas
1985, no writ)    18

Sharm, Inc. v. Martinez, 900 S.W.2d 777, 782 (Tex. App.--
Corpus Christi 1995, no writ)    39

Southwest Plaza Apts. v. Corpus Christi Brick & Lumber
Co., 528 S.W.2d 885, 887 (Tex. Civ. App.--Corpus
Christi 1975, no writ)    30

State v. $30,660.00, 136 S.W.3d 392, 405 (Tex. App.--

Corpus Christi 2005, pet. denied)     35

Stein v. Meachum, 748 S.W.2d 516, 517 (Tex. App.--Dallas
    1988, no writ)     29

Stock v. Stock, 702 S.W.2d 713, 715 (Tex. App.--San Antonio
    1985, no writ)     41

Stooksbury v. State, 2009 WL 2883518 at 5 (Tex. App.--Waco
    2009, p.d.r. ref'd)     30

Sullivan v. University Interscholastic League, 616 S.W.2d 170
    (Tex. 1981)     24

Tacon Mechanical Contractors, Inc. v. Grant Sheet Metal, Inc.,
    889 S.W.2d 666, 671 (Tex. App.--Houston [14th Dist.]
    1994, writ denied)     35

Tallabas v. Wing Chong, 72 S.W.2d 636, 637 (Tex. Civ.
    App.--Eastland 1934, no writ)     13

Tex-Hio Partnership v. Garner, 106 S.W.3d 886, 896 (Tex.
    App.--Dallas 2003, no pet.)     10

Texas Dep't of Public Safety v. Struve, 79 S.W.3d 796, 801
    n. 6 (Tex. App.--Corpus Christi 2002, pet. denied)     35

Texas General Indem. Co. v. McKay, 595 S.W.2d 884, 887
    (Tex. Civ. App.--Waco 1980, writ ref'd n.r.e.)     46

Thomas v. Ginter, 2014 WL 3738054 at 4 (Tex. App.--Houston
    [1st Dist.] 2014, no pet.)     15

Trinity Universal Ins. Co. v. Brainard, 153 S.W.3d 508, 513
    (Tex. App.--Amarillo 2004), modified on other grounds,
    216 S.W.3d 809 (Tex. 2006)     11

United Beef Producers, Inc. v. Lookingbill, 532 S.W.2d 958,
    959 (Tex. 1976)     44

Vannerson v. Vannerson, 857 S.W.2d 659, 666 (Tex. App.--Houston [1st Dist.] 1993, writ denied)   29

Vaughn Bldg. Corp. v. Austin Co., 620 S.W.2d 678, 683 (Tex. Civ. App.--Dallas 1981), aff'd, 643 S.W.2d 113 (Tex.1982)   10

Wal-Mart Stores, Inc. v. Sholl, 990 S.W.2d 412, 420 (Tex. App.--Corpus Christi 1999, writ denied)   31

Walder v. State, 85 S.W.3d 824, 827 (Tex. App.--Waco 2002, no p.d.r.)   36

Warren v. Zamarron, 2005 WL 1038822 (Tex. App.--Austin 2005, no pet.)   23

Wates v. Carlock, 1996 WL 603863 at 3-4 (Tex. App.--Amarillo 1996, writ denied)   42

Westcliffe, Inc. v. Bear Creek Const., Ltd., 105 S.W.3d 286, 290 (Tex. App.--Dallas 2003, no pet.)   21

White v. Douglas, 569 S.W.2d 635, 637 (Tex. Civ. App.--Texarkana 1978, no writ)   45

White v. State, 958 S.W.2d 460, 462 (Tex. App.--Waco 1997, no p.d.r.)   14

Whitworth v. Bynum, 699 S.W.2d 194, 197 (Tex. 1985)   26

Williams v. Bayview-Realty Associates, 420 S.W.3d 358, 364-65 (Tex. App.--Houston [14th Dist.] 2014, no pet.)   17

Williams v. Khalaf, 802 S.W.2d 651 (Tex. 1990)   43

Williams v. Williams, 150 S.W.3d 436, 443–44 (Tex. App.--Austin 2004, pet. denied)   19

<u>Wise v. Sands</u>, 739 S.W.2d 731, 734 (Mo. App. 1987)    11

<u>Zimmerman v. Board of Trustees of Ball State University</u>,
    940 F.Supp.2d 875, 884 (S.D. Ind. 2013)    10

# WAIVER OF ORAL AGUMENT

Tables of authorities possess no value in assisting an appellate court in deciding a case.  The same is true of oral argument.  Mosk, *In Defense of Oral Argument,* 1 J. APP. PRAC. & PROCESS 25, 29-30 (1999); Aldisert, WINNING ON APPEAL: BETTER BRIEFS AND ORAL ARGUMENT 294 (NITA rev. ed. 1996).  This Court has already reached this conclusion in this matter, and Appellees agree with this Court's conclusion.

# CAUSE NO. 13-14-462-CV

ALAMO HOME FINANCE and
GONZALEZ FINACIAL HOLDINGS

APPELLANTS

V.

MARIO DURAN and
MARIA DURAN

APPELLEES

# APPELLEES' RESPONSIVE BRIEF
# TO APPELLANT
# ALAMO HOME FINANCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **MARIO DURAN** and **MARIA DURAN**, **Appellees** in the above styled cause, and file their **RESPONSIVE BRIEF TO APPELLANT ALAMO HOME FINANCE**, demonstrating that any errors with regard to improper service of process have not been preserved, and that even if the trial court had actually been called upon to rule, it would correctly denied Appellant's new trial request.

## STATEMENT OF NATURE OF CASE

Because of the Rio Grande Valley's nose bleed property tax rates, home owners often need assistance in paying their taxes. A property tax lender agrees to loan the money, and to purchase casualty insurance with a portion of loan proceeds. But instead of purchasing the casualty insurance, the tax lender pocketed this portion of the loan proceeds. When the home owners suffer a loss because of Hurricane Dolly, the tax lender is sued, because such losses should have been covered. The tax lender fails to answer, and consequently the trial court, 92nd District Court of Hidalgo County, Texas, Hon. Jaime Tijerina presiding, grants a default judgment. While the tax lender did file a motion for new trial, its motion failed to complain of improper service, and failed to provide an explanation of what the registered agent did with the lawsuit after its receipt. Furthermore, the trial court never expressly ruled on the motion. Consequently, the default judgment stands. Nevertheless, this appeal followed.

## ISSUES PRESENTED

Can a litigant change horses midstream?

On appeal, is a party restricted to the theories he presented to the trial court?

On appeal, can a litigant assume an attitude contrary to the position he assumed before the trial court?

Is preservation of error required in every case?

Is one of the purposes of preservation of error to allow the opposing party an opportunity to respond or correct a problem?

Can a trial court be held to have abused its discretion, based on complaints never presented to it?

In order to complain on appeal of the denial of a motion for new trial, must an express ruling be obtained from the trial court?

Can a trial court be held to have abused its discretion, when it is never called upon to exercise such discretion?

Does a second motion for new trial, filed more than thirty days after the default judgment is signed, preserve error?

Does a second motion for new trial, filed 87 days after the judgment is signed, constitute a nullity?

Does service of process require obeisance to the minutest detail?

Is a defendant entitled to a new trial based on its registered

agent's violation of federal law?

Can a private process server utilize the United States mails for service?

Does automatic reversal for improper service of process violate the United States Constitution?

Does automatic reversal for improper service of process violate the Texas Constitution?

After default judgments, are new trial granted like flowers on Valentine's Day?

Are motions for new trial reviewed for abuse of discretion?

Under abuse of discretion review, does this Court act as the fact finder and determine the applicable facts?

Is an appellant required to properly brief its complaints when presenting them to the Court of Appeals?

Does a proper appellant's brief discuss the standard of review?

If a defaulting defendant blames its agent for his failure to answer, must it explain why its agent did not act with conscious indifference and present evidence in support thereof?

In order to demonstrate a meritorious defense sufficient to warrant a new trial, must the defaulting defendant address all

4

causes of action alleged by the plaintiff?

Can a default defendant establish a meritorious defense based on conclusory evidence?

In order to be entitled to a new trial, must a defaulting defendant offer to do equity?

In order to be entitled to a new trial, must a defaulting defendant offer to reimburse the plaintiff?

In order to be entitled to a new trial, must a defaulting defendant offer to go to trial?

# STATEMENT OF FACTS

Mario and Maria Duran, Appellees in this matter, own four properties in La Feria, Texas. Because of nose bleed assessments and tax rates which are all too common in the Rio Grande Valley, they encountered difficulty in paying their property taxes. As a result, they contacted Alamo Home Finance, Appellant herein, to obtain financial assistance. After some negotiations, a deal was reached: Appellant (hereinafter referred to as "Tax Lender") would pay the alpine property taxes, in exchange from Appellees' promise to repay with interest and insurance charges.

One issue which often arises whenever money is borrowed is insurance. While it charged Appellees (hereinafter referred to as "Home Owners") for such insurance, Tax Lender failed to purchase it but instead pocketed the money. While this would not have caused a loss if the Rio Grande Valley skies remained sunny, living here during the summer for any period of time proves the opposite: Hurricane Dolly ripped through South Texas, substantially damaging the homes in question. C.R. 16; Ex. 3; Ex. 4; Ex. 5; Ex. 6.

Seeking to repair their properties, Home Owners filed insurance claims under the insurance policies Tax Lender had allegedly purchased. However, it was only then that Tax Lender's misconduct became apparent: the insurance company refused to pay, because Tax Lender had pocketed the money instead of purchasing the policies it promised. C.R. 18. Obviously, Home Owners suffered economic losses; their homes required substantial repairs, Ex. 3; Ex. 4; Ex. 5; Ex. 6, and bills have gone unpaid (and raising the ugly specter of foreclosure). C.R. 22, 23. But more importantly, Home Owners suffered substantial mental distress, causing Mr. Duran to walk at night and become physically

6

aggressive with his family. C.R. 18, 19.

Initially, Home Owners only filed suit against Gonzalez Financial Holdings.[1] Cl.R. 22-29; 1 Supp. Cl.R. 38-47. Subsequently, Home Owners added this Tax Lender as a defendant, asserting causes of action for violations of the Texas Deceptive Trade Practices Act, breach of fiduciary duty, fraudulent misrepresentation, negligence and conspiracy. 2 Cl.R. 52-58. Citation was issued, Cl.R. 30-31, and Home Owner's retained a private process server to serve Tax Lender. As she was authorized to do, the process served Tax Lender's registered agent by certified mail. Cl.R. 32-34. As Tax Lender later admitted, its registered agent was properly served. Cl.R. 41.

What exactly Tax Lender's registered agent did with the petition and citation remains a mystery to this day. This mystery aside, Tax Lender claims that its registered agent never forwarded the citation to it. Cl.R. 47. Consequently, the time for filing an answer passed.

Home Owners did not immediately sprint to the courthouse

---

[1]Gonzalez Financial Holdings is a co-appellant in this matter. Home Owners have previously filed a brief with this Court, addressing its complaints.

and seek a default judgment. Instead, it waited until the day of the case was set for trial; and when Tax Lender failed to appear, Home Owners requested entry of a default judgment. C.R. 7-11. After determining that Tax Lender had been properly served, the trial court heard sometimes gripping evidence concerning Home Owners' damages. C.R. 13-23. Based on the foregoing, a default judgment was entered. Cl.R. 35-38.

After entry of the default judgment, Tax Lender filed a motion for new trial. Such motion was solely premised on traditional *Craddock* grounds; it failed to mention improper service of process. Cl.R. 39-48. However, Tax Lender failed to press for a hearing timely, and the trial court refused to make an express ruling on the motion. Cl.R. 5. Thus, the trial court was denied any opportunity to exercise its discretion. Despite this, Tax Lender appeal followed. Cl.R. 61-66.

## SUMMARY OF ARGUMENT

One of the bedrock principles of appellate jurisprudence is that a trial court must be given an opportunity to correct any alleged error, before a litigant can complain to a reviewing court. In

the case at bar, neither the trial court nor Home Owners were ever given any opportunity to correct any alleged errors. While a motion for new trial was filed, neither the trial court nor Home Owners were informed of any defects in service of process (which could have been corrected under Tex. R. Civ. P. 118). Furthermore, the trial court never expressly requested ruled on Tax Lender's motion, or to pass upon the sufficiency of Tax Lender's evidence in support thereof. Accordingly, Tax Lender should not be able to obtain a new trial this Court.

A party cannot merely claim "I did not receive the citation from my agent", and consequently expect a new trial to be granted after a default judgment. Instead, the defaulting defendant must explain what he ***and his agent*** did and did not do, and why these acts and omissions do not constitute conscious indifference. In the case at bar, such evidence is conspicuously absent, and therefore the trial court did not err in denying a motion for new trial.

# ARGUMENT

## APPELLANT HAS CLEARLY FAILED
## TO PRESERVE ERROR

[A] Tax Lender Cannot Switch Horses Misstream

Before the trial court, Tax Lender took the position that its registered agent was properly served: "*Movant admits that its registered agent, Corporation Service Company d/b/a CSA-Lawyers Incorporated Service Company,* **was properly served with citation**." Cl.R. 41 (emphasis added). Before this Court, Tax Lender now asserts that it was not properly served. Regardless of the merits, one problem exists with Tax Lender's current lack of service arguments: in law, just as in life, a litigant cannot switch horses in mid stream. <u>Zimmerman v. Board of Trustees of Ball State University</u>, 940 F.Supp.2d 875, 884 (S.D. Ind. 2013); <u>Wise v. Sands</u>, 739 S.W.2d 731, 734 (Mo. App. 1987).[2]

It is well-settled that parties are restricted on appeal to the theory upon which the case was tried in the lower court. <u>Davis v. Campbell</u>, 572 S.W.2d 660, 662 (Tex. 1978); <u>Mitchell Energy Corp. v. Bartlett</u>, 958 S.W.2d 430, 444 (Tex. App.--Fort Worth 1997, writ denied). Thus, "It is well settled that a case will not be reviewed by the appellate court on a different theory from that on which it was

---

[2]"A familiar bit of homespun philosophy warns of the perils of attempting to change horses in midstream. This admonition applies in litigation as well as in life. Thus, when a litigant commits to a theory of the case and sticks to that theory past the point of no return, he cannot thereafter switch to a different theory simply because it seems more attractive at the time." <u>Genereux v. Raytheon Co.</u>, 754 F.3d 51, 53 (1st Cir. 2014).

tried." Tex-Hio Partnership v. Garner, 106 S.W.3d 886, 896 (Tex. App.--Dallas 2003, no pet.). Furthermore, as a corollary to this principle, a litigant cannot assume an attitude on appeal contrary to that taken at the trial. Boatner v. Providence-Washington Ins. Co., 241 S.W. 136, 140 (Tex. Comm'n App. 1922, judgm't adopted); Vaughn Bldg. Corp. v. Austin Co., 620 S.W.2d 678, 683 (Tex. Civ. App.--Dallas 1981), aff'd, 643 S.W.2d 113 (Tex.1982).

In the case at bar, in its motion for new trial, Tax Lender took the position that its registered agent had been properly served. Cl.R. 41. Now, before this Court, Tax Lender claims that its registered agent was not properly served. However, having initially claimed that service of process was proper, Cl.R. 41, Tax Lender cannot now claim that service was improper. Trinity Universal Ins. Co. v. Brainard, 153 S.W.3d 508, 513 (Tex. App.--Amarillo 2004), modified on other grounds, 216 S.W.3d 809 (Tex. 2006).

[B] Improper Service Complaints Unpreserved

A party cannot complain of errors before the appellate court, without first having complained before the trial court. Kershner v. State Bar of Texas, 879 S.W.2d 343, 347-48 (Tex. App.--Houston [14th Dist.] 1994, writ denied). If an appellant complains of trial

court errors for the first time on appeal, such complaints are not present before the reviewing court. <u>Kuehnhoefer v. Welch</u>, 893 S.W.2d 689, 694 (Tex. App.--Texarkana 1995, writ denied). This remains true, regardless of how meritorious the objections may appear to the reviewing judges. <u>Cantu v. Horany</u>, 195 S.W.3d 867, 871 (Tex. App.--Dallas 2006, no pet.).[3] The reason is simple: *preservation of error is a systemic requirement of every appeal*, <u>Moore v. State</u>, 295 S.W.3d 329, 333 (Tex Cr. App. 2009), and thus is "mandatory and essential, *and does not involve discretion of the appellate court*." <u>Hughes v. Hughes</u>, 407 S.W.2d 14, 16 (Tex. Civ. App.--Waco 1966, no writ)(emphasis added).

Contrary to what some litigants believe, preservation of error requirements are not imposed to lessen an appellate court's workload. Instead, this Court has explained why a timely request or objection must be made before the trial court before the alleged error can be asserted before on appeal. First, "fairness to all parties requires a litigant to advance complaints at a time when there is an

---

[3]This principal even applies to alleged errors of constitutional magnitude. <u>Rothstein v. State</u>, 267 S.W.3d 366, 373 (Tex. App.--Houston [14th Dist.] 2008, p.d.r. ref'd); <u>Perez v. Cueto</u>, 908 S.W.2d 29, 30 (Tex. App.--Houston [14th Dist. 1995, no writ).

12

opportunity to respond or cure them".[4]  Second, "reversing a case for error not raised in a timely fashion permits the losing party to second guess its tactical decisions after they do not produce the desired result".  And finally, "judicial economy requires that issues be raised first in the trial court in order to spare the parties and the public the expense of a potentially unnecessary appeal."  Cross Marine, Inc. v. Lee, 905 S.W.2d 22, 25 (Tex. App.--Corpus Christi 1995, writ denied); see also, Gillenwaters v. State, 205 S.W.3d 534, 537 (Tex. Cr. App. 2006)("The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact."); Tallabas v. Wing Chong, 72 S.W.2d 636, 637 (Tex. Civ. App.--Eastland 1934, no writ).

To preserve an alleged error for appellate review, the

---

[4]For example, if Tax Lender complained about improper service of process, Home Owners could have modified the citation, pursuant to Tex. R. Civ. P. 118.

complaining party must:

> 1) make a timely objection specifying the grounds for the objection;
>
> 2) make the object at the earliest possible opportunity; and
>
> 3) obtain an adverse ruling from the trial court.

Rogers v. State, 291 S.W.3d 148, 151 (Tex. App.--Texarkana 2009, p.d.r. ref'd). In other words, all a litigant must do to preserve error for appeal is to let trial judge know what he wants, why he thinks himself entitled to it clearly enough for the trial judge to understand him, at a time when trial court is in position to do something about it. White v. State, 958 S.W.2d 460, 462 (Tex. App.--Waco 1997, no p.d.r.). Error preservation does not mandate use of hyper-technical or formalistic words or phrases; instead, plain English can (and will) adequately inform the trial court. Pena v. State, 285 S.W.3d 459, 464 (Tex. Cr. App. 2009).

In the case at bar, Tax Lender did not complain of any improper service in its motion for new trial, Cl.R. 39-48, but instead admitted that service of process was proper. Cl.R. 41. Instead, Tax Lender complained that its registered agent for service of process

14

failed to forward citation to it. Cl.R. 47. As a result, Tax Lender's current complaints concerning lack of service of process are not properly before this Court. <u>Norwest Mortgage, Inc. v. Salinas</u>, 999 S.W.2d 846, 865 (Tex. App.--Corpus Christi 1999, writ denied); <u>Hirczy v. Hirczy</u>, 838 S.W.2d 783, 785 (Tex. App.--Corpus Christi 1992, writ denied).[5]

Such omission is not cured by Tax Lender's first amended motion for new trial. Cl.R. 49-60. The trial court granted Home Owners a default judgment on May 16, 2014, Cl.R. 38, and Tax Lender filed its initial motion for new trial on June 16, 2014. Cl.R. 39. Subsequently, on August 11, 2014, some 87 days after the trial court signed the default judgment, Tax Lender filed a second motion for new trial, for the first time complaining of improper service of process. Cl.R. 49, 51-52.

The rule establishing deadlines for motions for new trial states, "One or more amended motions for new trial may be filed . . . within 30 days after the judgment or other order complained of is signed." Tex. R. Civ. P. 329b(b). Consequently, an amended motion

---

[5]Faulting Home Owners for failing to correct the citation when Tax Lender has admitted that its agent received the citation and failed to assert that service was improper reeks of hypocrisy.

for new trial filed more than thirty days after the trial court signed its judgment is untimely. <u>Prasad v. Capital Farm Credit, FLCA</u>, 2013 WL 3877666 at 2 (Tex. App.--Houston [1st Dist.] 2013, no pet.).[6] "Thus, an untimely amended motion for new trial does not preserve issues for appellate review, even if the trial court considers and denies the untimely motion within its plenary power period." <u>Thomas v. Ginter</u>, 2014 WL 3738054 at 4 (Tex. App.--Houston [1st Dist.] 2014, no pet.). In other words, the second motion for new trial constitutes a nullity, and does not preserve error.[7] <u>Portfolio Recovery Associates, LLC v. Talplacido</u>, 2012 WL 204541 at 2 (Tex. App.--Dallas 2012, no pet.). Accordingly, only the complaints contained in Tax Lender's initial motion for new trial are properly before this Court, <u>Hester v. State</u>, 497 S.W.2d 501, 503 (Tex. Civ. App.--El Paso 1972, writ ref'd n.r.e.)[8]; thus, its service of process complaints **are not** before this Court. <u>Berlanga v. Berlanga</u>, 2012

---

[6]Tax Lender has blithely ignored this Rule herein, claiming that if the second or amended motion for new trial was filed while the trial court possessed plenary power, the complaints therein were properly preserved. Appellant's Brief, p. 6.

[7]Thus, contrary to Tax Lender, Appellant's Brief, p. 2, such motion was not overruled by operation of law.

[8]"The amended motion for new trial being a nullity, it cannot form the basis for points of error on appeal. However, the appeal to this Court is timely . . . Appellants are before this Court, but they are here only as to such assignments of error as were made in their original motion for new trial."

WL 252497 at 1 (Tex. App.--Beaumont 2012, no pet.); <u>Bubba's of San Antonio v. Leyendecker Const., Inc.</u>, 2010 WL 2403717 at 2 (Tex. App.--San Antonio 2010, no pet.).

[C] Trial Court Never Given Opportunity to Exercise Discretion

On the morning of the hearing on Tax Lender's Motion for New Trial, Home Owners objected to proceeding, and the trial court sustained the objection. Cl.R. 5. Tax Lender failed to obtain a new setting, and failed to file its promised motion for reconsideration. Cl.R. 5. Thus, the trial court was deprived of an opportunity of reviewing and ruling on Tax Lender's motion, and no express ruling was ever obtained. Cl.R. 5. Instead, its initial motion was overruled by operation of law. Thus, Tax Lender's complaints are not predicated upon any actual exercise of discretion by the trial court.

A trial court cannot abuse its discretion, unless it is actually called upon to exercise such discretion. This principle applies to motions for new trial to set aside default judgments. <u>See</u>, <u>e.g.</u>, <u>Williams v. Bayview-Realty Associates</u>, 420 S.W.3d 358, 364-65 (Tex. App.--Houston [14th Dist.] 2014, no pet.). As this Court has indicated generally, "the proponent of a motion for new trial has the

17

burden of presenting it to the trial court, obtaining a hearing on it, and presenting evidence to substantiate any factual matters necessary to show entitlement to the requested relief." Herring v. Childers, 2004 WL 1926795 at 8 n. 9 (Tex. App.--Corpus Christi 2004, pet. denied). Naturally, this applies to motions for new trial seeking to set aside a default judgment; because the motion requires both the consideration of evidence and the exercise of discretion, the trial court must be given the opportunity to exercise such discretion. Fluty v. Simmons Co., 835 S.W.2d 664, 667 (Tex. App.--Dallas 1992, no writ). If the defaulting defendant fails to obtain a hearing and an express ruling on its motion for new trial, then it cannot claim error on appeal. Cisneros v. Regalado Family Ltd. Partnership, 2011 WL 3366345 at 2-3 (Tex. App.--Corpus Christi 2011, no pet.); James v. Comm'n for Lawyer Discipline, 310 S.W.3d 586, 594–95 (Tex. App.--Dallas 2010, no pet.); Lilly v. Tolar, 2002 WL 1926527 at 3 (Tex. App.--Texarkana 2002, pet. denied); Shamrock Roofing Supply, Inc. v. Mercantile Nat. Bank at Dallas, 703 S.W.2d 356, 357-58 (Tex. App.--Dallas 1985, no writ).

In the case at bar, such principles preclude granting a new trial by this Court. Tax Lender admits in its brief that it failed to

obtain an express ruling on its motion for new trial.[9]  Thus, Tax Lender cannot now complain of the trial court's failure to grant relief.  Cisneros v. Regalado Family Ltd. Partnership, supra; James v. Comm'n for Lawyer Discipline, supra; Lilly v. Tolar, supra; Shamrock Roofing Supply, Inc. v. Mercantile Nat. Bank at Dallas, supra.

## TAX LENDER CLEARLY NOT ENTITLED TO NEW TRIAL

Home Owners believe that in light of the foregoing, this Court can summarily affirm the trial court's judgment.  However, even if this Court ignores the mandatory requirement of preservation of error, the trial court's judgment must still be affirmed.

[A] Alleged Defects in Service Do Not Warrant New Trial

Admittedly, service of process requires strict compliance.  However (and contrary to Tax Lender), strict compliance does not require obeisance to the minutest detail.  Herbert v. Greater Gulf Coast Enterprises, Inc., 915 S.W.2d 866, 871 (Tex. App.--Houston [1st Dist.] 1995, no writ).  Accordingly, as long as the record shows, with reasonable certainty, that the citation was served on the

---

[9]Tax Lender does not assert a point of error with regard to the trial court's conduct.

defendant in the suit, service of process will not be invalidated. LEJ Development Corp. v. Southwest Bank, 407 S.W.3d 863, 866 (Tex. App.--Fort Worth 2013, no pet.). Accordingly, the type of errors cited by Tax Lender in its brief **do not** invalidate service. See, e.g., Williams v. Williams, 150 S.W.3d 436, 443–44 (Tex. App.--Austin 2004, pet. denied)(omission of petitioner's name from citation not fatal where no confusion about whether the correct party was actually served); Regalado v. State, 934 S.W.2d 852, 854 (Tex. App.--Corpus Christi 1996, no writ)(hand-written notation "c/o Maria Regalado" on the return of the citation did not invalidate service where record showed, with reasonable certainty, that the citation was served on the defendant in the suit); Ortiz v. Avante Villa at Corpus Christi, Inc., 926 S.W.2d 608, 613 (Tex. App.--Corpus Christi 1996, writ denied)(the omission of the accent mark and the substitution of the symbol "@" for the word "at" are akin to the errors that do not invalidate service); Payne & Keller Co. v. Word, 732 S.W.2d 38, 41 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.)(judgment upheld where petition and citation reflected registered agent "Philippe Petitfrere," the return reflected "Philipee Petitfreere"); Popkowsi v. Gramza, 671 S.W.2d 915, 918 (Tex. App.--

Houston [1st Dist.] 1984, no writ)(judgment upheld where there was dispute of fact whether handwritten return of service said "Michael Poprowski" or "Michael Popkowski").

In the case at bar, no dispute exists that Tax Lender was properly served with process; it expressly acknowledged as much in its motion for new trial. Cl.R. 41. Tax Lender admits that Corporation Service Company d/b/a CSA-Lawyers Incorporated Service Company is its registered agent for service, and the second amended petition delivered by certified mail restricted delivery to Corporation Service Company d/b/a CSA-Lawyers Incorporated Service Company. Cl.R. 32-34, 41. Despite the typographical error in the return, the petition and citation clearly show that the second amended petition was served, especially in light of Tax Lender's admission. Cl.R. 32-34, 41. Thus, service of process was proper. Williams v. Williams, supra; Regalado v. State, supra; Ortiz v. Avante Villa at Corpus Christi, Inc., supra; Payne & Keller Co. v. Word, supra.

Additionally, Tax Lender claims that service on it was improper because the magic word "agent" was not contained on the green card. Again, Tax Lender does not dispute that Corporation

21

Service Company d/b/a CSA-Lawyers Incorporated Service Company is the registered agent for service of process for Tax Lender, and its agent signed for the certified mail. Cl.R. 41. As long as the citation was received by the agent, service is proper. Myan Management Group, L.L.C. v. Adam Sparks Family Revocable Trust, 292 S.W.3d 750, 753 (Tex. App.--Dallas 2009, no pet.); Westcliffe, Inc. v. Bear Creek Const., Ltd., 105 S.W.3d 286, 290 (Tex. App.--Dallas 2003, no pet.). In the case at bar, Tax Lender's agent scribbled her name on the green card containing the second amended petition, but failed to include the word agent on the green card for Tax Lender. Cl.R. 33. It should not be able to claim service is improper because its agent neglects to reflect her status.

More fundamentally, a wrongdoer is not allowed to profit from his own wrong. Dorchester Gas Producing Co. v. Harlow Corp., 743 S.W.2d 243, 257 (Tex. App.--Amarillo 1987, writ denied). "There are fundamental maxims of the common law which say: No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are adopted by public policy, and have their foundation in universal law admin-

22

istered in all civilized countries". Ovalle v. Ovalle, 604 S.W.2d 526, 528 (Tex. Civ. App.--Waco 1980, no writ). If Tax Lender is correct, then both it violated federal law by having someone other than its agent sign for the citations. Tax Agent is now attempting to parley its and its agent violation of federal law into claiming service of process was improper, and therefore having the default judgment set aside. However, because Tax Lender violated federal law, Tax Lender cannot benefit from such violation.

Tax Lender also complains that the manner of service of process was improper, because a private process server utilized the United States post office, just as the clerk's office can. This contention was expressly rejected by the Houston Court of Appeals in P & H Transp., Inc. v. Robinson, 930 S.W.2d 857 (Tex. App.-- Houston [1s Dist.] 1996, writ denied). In this case, the defaulting defendant was served by private process server, using the United States postal service. The defaulting defendant (just as Tax Lender herein) claimed that such process was improper. However, on appeal, the reviewing court disagreed:

> In point of error one, appellants contend service on P & H was not valid because it violated rule 103, which provides service by

certified mail shall, if requested, be made by the clerk of the court. See Tex. R. Civ. P. 103. The record shows P & H was served by certified mail sent by Cathy Romack, an authorized private process server. Appellants urge us to interpret the rule to mean service by mail may be made only by the clerk. We decline to do so. Rule 103 simply addresses who may serve; rule 106 addresses the method of service, and provides in pertinent part:

> (a) Unless the citation or an order of the court otherwise directs, citation shall be served by any person authorized by rule 103 by
>
> . . . . .
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)(2). "Service of citation may be made by mail, either by an officer or authorized person. Service by registered or certified mail and citation by publication may also be made by the clerk of the court where the case is pending." 2 Roy W. McDonald, Texas Civil Practice in District and County Courts § 9.11 (Supp.1991). We hold service by mail may be made not only by the clerk but also by other authorized persons.

Id at 859; accord, Warren v. Zamarron, 2005 WL 1038822 (Tex.

App.--Austin 2005, no pet.).[10]   Accordingly, service of process cannot be set aside on this ground.

[B] Holding Service of Process Improper Herein Unconstitutional

Statutes and rules are designed to remedy an evil.  However, merely claiming that an evil exists does not render the statute or rule proper.  If the statute or rule does not address the very evil it seeks to eliminate, it is unconstitutional.  HL Farm Corp. v. Self, 877 S.W.2d 288, 292 (Tex. 1994).

But not only are statutes and rules which fail to serve their purpose unconstitutional; statutes and rules which seek to remedy an actual wrong but are overinclusive or which otherwise create conclusive presumptions are likewise unconstitutional.  For example, in Sullivan v. University Interscholastic League, 616 S.W.2d 170 (Tex. 1981), the UIL had enacted a rule forbidding transfer students from engaging in extracurricular activities (with an exception for seniors).  The rule was designed to forbid recruitment of athletes, a worthy goal.  However, the Texas Supreme Court held U.I.L.'s no transfer rule unconstitutional,

---

[10]Contrary to Tax Lender herein, the defect in service in Ikon Office Solutions, Inc. v. Integrity Communications, Ltd., 2006 WL 1644670 (Tex. App.--Corpus Christi 2006, no pet.) was that the plaintiff's attorney, not a disinterested third person, served the petition, not that it was served by mail.

because it was overinclusive, i.e. it swept too broadly:

> In practical effect, the challenged classification simply does not operate rationally to deter recruitment. The U.I.L. rule is overbroad and over-inclusive. The rule burdens many high school athletes who were not recruited and were forced to move when their family moved for employment or other reasons. The fact that there is no means of rebutting the presumption that all transferring athletes have been recruited illustrates the capriciousness of the rule. The inclusion of athletes who have legitimately transferred with recruited athletes does not further the purpose of the transfer rule. Under strict equal protection analysis the classification must include all those similarly situated with respect to purpose. It is clear that the transfer rule broadly affects athletes who are not similarly situated.

> The U.I.L. has a rule which specifically prohibits recruitment of high school athletes. The transfer rule was enacted in addition to this specific rule. The over-inclusiveness and the harshness of the transfer rule is not rationally related to the purpose of preventing recruitment. An exception exists to the transfer rule in regard to seniors. There is no rational reason why the exception given seniors cannot be extended to others. In practical operation the transfer rule excludes from participation in varsity athletics the majority of students who transfer for reasons unrelated to recruitment. The legitimate goal of the transfer rule does not justify the harsh means of accomplishing this goal utilized by the U.I.L.

Id. at 173.

Likewise, the Texas Guest Statute forbade passengers who were victims in an automobile accident from suing the driver, if the driver was a family member. The statute was designed to prevent collusive lawsuits, again another worthy goal. However, this statute likewise swept too broadly, creating conclusive presumptions that family members were liars, and consequently was unconstitutional:

> The Texas Guest Statute creates a presumption that all automobile passengers suing a driver who is within the second degree of affinity or consanguinity do so collusively. We refuse to indulge in the assumption that close relatives will prevaricate so as to promote a spurious lawsuit. No better example exists than in this case. Had collusion existed, Bynum could have acknowledged Whitworth as a paying passenger or admitted to acts of gross negligence. Dishonest individuals will always attempt to circumvent the intent of the statute by lying, while honest citizens are penalized when the truth brings them within the statutory scope denying them a negligence cause of action.
>
> Additionally, the statute affords no opportunity for proof that a suit was filed because a plaintiff conscientiously believed that his injury was caused by the negligence of a person within the proscribed degree of relationship. In this respect, the Guest Statute is not unlike the University Interscholastic League rule that presumed all students who

> transferred schools did so because they were recruited to participate in athletics. It was this irrebuttable presumption that we condemned as being violative of equal protection guarantees in *Sullivan.*

Whitworth v. Bynum, 699 S.W.2d 194, 197 (Tex. 1985).

In the case at bar, the rule asserted by Tax Lender, i.e. any error invalidates service (especially after proper service was admitted, Cl.R. 41), runs afoul of the United States and Texas constitutions.  The purpose of citation and service is to notify the defendant of the pendency of the lawsuit.  Tax Lender's rule creates an impermissible conclusive presumption that if perfection is not followed, the default judgment is improper.  This is clearly false, as the facts of this case demonstrate.  Likewise, Tax Lender's rule is overinclusive, i.e. it remedies both cases in which the defendant does not receive notice and those cases in which he actually does.  Therefore, the default judgment cannot be invalidated on such grounds.

[C] New Trials Not Granted Like Flowers on Valentine's Day

Contrary to Tax Lender, new trials are not given out to defaulting defendants like flowers on valentine's day.  Instead, "It is within the discretion of the trial court to decide whether the facts of

28

the case warrant vacation of the default judgment and the granting of a new trial." Carey Crutcher, Inc. v. Mid Coast Diesel Services, Inc., 725 S.W.2d 500, 501 (Tex. App.--Corpus Christi 1987, no writ). "Trial courts should set aside defaults only if convinced that defendant acted in good faith and that the accident or mistake by which he seeks to excuse himself was the cause of his default, and that he could not have protected himself by the exercise of reasonable diligence.". Liberty Mutual Fire Ins. Co. v. Ybarra, 751 S.W.2d 615, 618 (Tex. App.--El Paso 1988, no writ). In its brief, Tax Lender merely pounds its chest, now claiming it is the victim; but such chest pounding cannot drown out its failure to satisfy its burden.

In order to have a default judgment set aside and a new trial granted, a defendant must demonstrate each of the following:

1. his failure to appear was not intentional or the result of conscious indifference, but rather was due to accident or mistake;

2. the motion for new trial sets up a meritorious defense; and

3. the granting of a new trial will occasion no delay or otherwise work an injury to the plaintiff.

Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); Dupnik v. Aransas County Navigation District No. 1, 732 S.W.2d 780, 781 (Tex. App.--Corpus Christi 1987, no writ). The burden of proof for establishing these elements falls squarely upon the shoulders of the defaulting defendant. Cocke v. Saks, 776 S.W.2d 788, 790 (Tex. App.--Corpus Christi 1989, writ denied).

Furthermore, in deciding whether these elements have been satisfied, the trial court is not required to accept the defaulting defendant's evidence at face value, but rather determines the credibility of the witnesses and the weight their testimony should be given. Harmon Truck Lines, Inc. v. Steele, 836 S.W.2d 262, 265 (Tex. App.--Texarkana 1992, writ dism'd). Thus, "In exercising its fact finding power, the trial court is not bound to accept conclusive statements of a witness." Vannerson v. Vannerson, 857 S.W.2d 659, 666 (Tex. App.--Houston [1st Dist.] 1993, writ denied); see also, Kelly v. Brenham Floral Co., 2014 WL 4219448 at 4 (Tex. App.--Houston [1st Dist.] 2014, no pet.)("As factfinder, the trial court is given great latitude to believe or disbelieve a witness's testimony, particularly if the witness is interested in the outcome.").

Rather, the trial court may choose to believe all, none or part of a witness's testimony. Stein v. Meachum, 748 S.W.2d 516, 517 (Tex. App.--Dallas 1988, no writ). This remains true, even if only affidavits are presented. Oak Creek Homes, Inc. v. Jones, 758 S.W.2d 288, 290 (Tex. App.--Waco 1988, no writ)("As the trier of fact, it was the trial judge's prerogative and duty to weigh all the evidence, pick out what he believed to be its most credible parts, and make his determinations accordingly.").

On appeal, a trial court's decision in granting or denying a motion for new trial is reviewed for abuse of discretion. Southwest Plaza Apts. v. Corpus Christi Brick & Lumber Co., 528 S.W.2d 885, 887 (Tex. Civ. App.--Corpus Christi 1975, no writ). In its brief, Tax Lender has completely failed to address this standard of review; from reviewing it, this Court would not know the principles involved in such review of how it should be applied here. Appellant's Brief, pp. 1-18.[11] Such omission constitutes a clear briefing deficiency which can mandate rebriefing or even summary affirmance of the trial court's decision. See, Stooksbury v. State, 2009 WL 2883518

---

[11]Home Owners would also point out that an appellant is also expected to inform the reviewing court how and where the alleged error was preserved before the trial court. In re D.M., 244 S.W.3d 397, 403-04 (Tex. App.--Waco 2007, no pet.)(Reyna, J., con.).

31

at 5 (Tex. App.--Waco 2009, p.d.r. ref'd). Tax Lender's silence herein derives from a simple source: the trial court did not abuse its discretion (assuming that it was called upon to exercise it).

"A reviewing court cannot conclude that a trial court abused its discretion if, in the same circumstances, it would have ruled differently or if the trial court committed a mere error in judgment." Engelman Irrigation Dist. v. Shields Bros., Inc., 960 S.W.2d 343, 354 (Tex. App.--Corpus Christi 1997), writ denied per curiam, 989 S.W.2d 360 (Tex. 1998); accord, Wal-Mart Stores, Inc. v. Sholl, 990 S.W.2d 412, 420 (Tex. App.--Corpus Christi 1999, writ denied); Home Owners Funding Corp. of America v. Scheppler, 815 S.W.2d 884, 889 (Tex. App.--Corpus Christi 1991, no writ). Rather, "A trial court abuses its discretion when it does not follow guiding rules and principles and [thus] reaches an arbitrary and unreasonable decision." In re Frost Nat. Bank, 103 S.W.3d 647, 649 (Tex. App.-- Corpus Christi 2003, mand. denied). As one reviewing court has explained:

> The question is not whether the trial judge might have exercised better judgment, or made a mere error in judgment which are no doubt, common in many courts. In order for the trial court's actions to have been abusive, the order

must have been so unreasonable, so arbitrary, or based upon so gross and prejudicial an error of law as to have no basis in reason or in law.

Air Products & Chemicals, Inc. v Sanderson, 789 S.W.2d 651, 653 (Tex. App.--Beaumont 1990, no writ).

In determining whether an abuse of discretion occurred, the reviewing court must view the evidence in the light most favorable to the trial court's action, and indulge every legal presumption in favor of the judgment or order. In re J.I.Z., 170 S.W.3d 881, 883 (Tex. App.--Corpus Christi 2005, no pet.). If some evidence supports its decision, then the trial court acted within its discretion. In re L.G.G., 398 S.W.3d 852, 855 (Tex. App.--Corpus Christi 2012, no pet.); Reading & Bates Const. Co. v. O'Donnell, 627 S.W.2d 239, 244 (Tex. App.--Corpus Christi 1982, writ ref'd n.r.e.).

Furthermore, in reviewing an appellant's abuse of discretion complaints, the appellate court must keep in mind the role of the trial judge. As this Court has explained, "[T]he trial court is in the best position to observe the demeanor and personalities of the witnesses and can feel forces, powers, and influences that cannot

be discerned by merely reading the record." E.C., Jr. ex rel. Gonzales v. Graydon, 28 S.W.3d 825, 829 (Tex. App.--Corpus Christi 2000, no pet.). Based on such influences, forces, and powers, the trial court determines the credibility of the witnesses, assigns the weight to be given their testimony, Hines v. Commission for Lawyer Discipline, 28 S.W.3d 697, 701 (Tex. App.--Corpus Christi 2000, no pet.), and resolves and reconciles any conflicts therein, accepting or rejecting such portions thereof as it sees fit. City of Port Isabel v. Shiba, 976 S.W.2d 856, 859 (Tex. App.--Corpus Christi 1998, writ denied). Thus, the trial court "is free to reach its findings by believing or rejecting some or all of the contradictory testimony when assessing the comparative truthfulness of the witnesses." Cantu v. Butron, 921 S.W.2d 344, 349 (Tex. App.--Corpus Christi 1996, writ denied); see also, Roberts v. Burkett, 802 S.W.2d 42, 47 (Tex. App.--Corpus Christi 1990, no writ); Fonseca v. County of Hidalgo, 527 S.W.2d 474, 481 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.). Regardless of Tax Lender's desire herein, this Court cannot substitute its findings for the trial court's concerning the credibility of the witnesses. Adams v. H & H Meat Products, Inc., 41 S.W.3d 762, 769 (Tex. App.--Corpus Christi

34

2000, no pet.).

As applied to a motion for new trial after a default judgment, a trial court does not abuse its discretion in denying such motion if the defaulting defendant has failed to satisfy its burden under *Craddock.* Liberty Mutual Fire Ins. Co. v. Ybarra, supra; see, Phifer v. Nacogdoches County Central Appraisal Dist., 45 S.W.3d 159, 173 (Tex. App.--Tyler 2000, pet. denied); Continental Carbon Co. v. Sea-Land Service, Inc., 27 S.W.3d 184, 190 (Tex. App.--Dallas 2000, pet. denied). Likewise, a trial court does not abuse its discretion in denying the motion or request if conflicting evidence is presented, and the evidence reasonably supports its decision. Executive Tele-Communication Systems v. Buchbaum, 669 S.W.2d 400, 403 (Tex. App.--Dallas 1984, no writ).

[D] Tax Lender Acted With Conscious Indifference

Pursuant to *Craddock,* Tax Lender was initially required to demonstrate that it did not act with conscious indifference. While Tax Lender claims it did not act with conscious indifference, Home Owner initially questions whether it has properly briefed this issue. It has completely failed to discuss or otherwise explain what legally constitutes conscious indifference, sufficient to warrant a new trial.

It failed to cite *any* legal authority discussing lack of conscious indifference.  And it failed to cite to the record when discussing lack of conscious indifference.[12]  Appellant's Brief, p. 16.

A party's briefing obligations do not cease by formulating the issues presented.  Instead, in order to comply with the Texas Rules of Appellate Procedure, an appellant must perform three tasks.  See, Haas v. George, 71 S.W.3d 904, 914 (Tex. App.--Texarkana 2002, no pet.).  First, the appellant must set forth the applicable legal principles, with specific references to the legal authority which supports this position.  State v. $30,660.00, 136 S.W.3d 392, 405 (Tex. App.--Corpus Christi 2005, pet. denied); Texas Dep't of Public Safety v. Struve, 79 S.W.3d 796, 801 n. 6 (Tex. App.--Corpus Christi 2002, pet. denied).  Second, the appellant must discuss the facts of the case, designating the specific portions of the record which support the alleged version of the facts.  Heath v. Herron, 732 S.W.2d 748, 752 (Tex. App.--Houston [14th Dist.] 1987, no writ).[13]  Third, the appellant must apply the applicable law to the

---

[12]Such omissions are also repeated with Tax Lender's analysis of a meritorious defense.  Appellant's Brief, p. 17.

[13]An appellate court has no duty to independently search the record.  Henry S. Miller Management Corp. v. Houston State Bank Associates, 792 S.W.2d 128, 134 (Tex. App.--Houston [1st Dist.] 1990, no writ).

applicable facts of the case. <u>Brock v. Sutker</u>, 215 S.W.3d 927, 929 (Tex. App.--Dallas 2007, no pet.). Mere conclusory application or explanation fails to satisfy such fundamental requirements. <u>Tacon Mechanical Contractors, Inc. v. Grant Sheet Metal, Inc.</u>, 889 S.W.2d 666, 671 (Tex. App.--Houston [14th Dist.] 1994, writ denied). Failure to comply with **any** of these requirements pounds a stake into the heart of an appellant's complaint.

In the case at bar, Tax Lender has failed to comply with any of these requirements. It has failed to explain what constitutes lack of conscious indifference. It has failed to explain to this Court how the facts presented by this case demonstrate lack of conscious indifference. And it has failed to cite this Court to the location in the record where such facts can be found. Appellant's Brief, p. 16. Instead, after reading Tax Lender's brief, the prophetic words of the Waco Court of Appeals immediately come to mind: "With disturbing frequency, this Court receives briefs which are inadequate. It is a waste and improper use of judicial resources to brief an appellant's case for him." <u>Walder v. State</u>, 85 S.W.3d 824, 827 (Tex. App.--Waco 2002, no p.d.r.). Accordingly, any error has been waived. <u>Columbia Rio Grande Regional Hospital v. Stover</u>, 17 S.W.3d 387,

37

391 (Tex. App.--Corpus Christi 2000, no writ); Cardenas v. Continental Ins. Co., 960 S.W.2d 401, 404 (Tex. App.--Corpus Christi 1998, writ denied).

Even if Tax Lender had not waived this complaint, such error nevertheless remains completely devoid of any merit. Conscious indifference in this context means failure to take action that would seem indicated to a person of reasonable sensibilities under the same or similar circumstances. Dreisbach v. Reed, 780 S.W.2d 901, 903 (Tex. App.--El Paso 1989, no writ); Johnson v. Edmonds, 712 S.W.2d 651, 652-53 (Tex. App.--Fort Worth 1986, no writ). Whether such conscious indifference exists presents a question of fact. P & H Transportation, Inc. v. Robinson, 930 S.W.2d 857, 861 (Tex. App.--Houston [1st Dist.] 1996, no writ). If a party fails to explain why he failed to take action, he consequently fails to prove lack of conscious indifference. Konkel v. Otwell, 65 S.W.3d 183, 187 (Tex. App.--Eastland 2001, no writ).

Apparently completely unknown to Tax Lender, when a defaulting defendant's excuse is his reliance on an agent, he must demonstrate that *both* he **and his agent** were free of conscious indifference. See, Sharm, Inc. v. Martinez, 900 S.W.2d 777, 782

(Tex. App.--Corpus Christi 1995, no writ); Dreisbach v. Reed, supra. For example, in Memorial Hospital System v. Fisher Ins. Agency, Inc., 835 S.W.2d 645 (Tex. App.--Houston [14th Dist.] 1992, no writ), the defendant, Fisher, was served and forwarded the petition and citation to its insurance company. When a default judgment was granted, the defendant was granted a motion for new trial because it had forwarded the petition and citation to the insurance company. However, on appeal, the order granting the new trial was set aside and the default judgment reinstated, because Fisher failed to explain what the insurance company did after receiving the petition:

> When a party relies on an agent or representative to file an answer, the party must establish that the failure to answer was not intentional or the result of conscious indifference of either the party or the agent. Thus, the movant cannot be relieved from a default judgment on the ground that it turned the petition over to its insurer and relied upon the insurer to file an answer, in the absence of showing why the insurer failed to answer. Fisher offers no reasonable explanation of why its insurance carrier failed to represent its interest in the present case. Furthermore, conscious indifference can be defined as the failure to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances. It

39

> is reasonable to assume that when a prudent person is served with a petition concerning a lawsuit and is relying on his agent to represent his interest, he is going to make sure that his agent is using due diligence in handling the lawsuit. Fisher has not shown that its failure to file an answer was not intentional or the result of conscious indifference.

Id. at 652; accord, Cornerstone Alternatives, Inc. v. Patterson Oldsmobile-GMC-Toyota, Inc., 696 S.W.2d 702 (Tex. App.--Fort Worth 1985, no writ).

The same principle applies to the case at bar, and precludes a new trial. Admittedly, Tax Lender claims never received the citation and petition from its registered agent. Cl.R. 47-48. However, Tax Lender has completely failed to explain what his registered agent did after receiving the citation and petition. Moreover, Tax Lender failed to present any evidence from his registered agent to support such lack of explanation. Cl.R. 39-48. As a result, Tax Lender completely failed to demonstrate lack of conscious indifference, and therefore the trial court did not abuse its discretion in failing to grant a new trial. Scenic Mountain Medical Center v. Castillo, 162 S.W.3d 587, 590-91 (Tex. App.--El Paso 2005, no pet.); Faulkner v. Stark, 2004 WL 1698052 at 2 (Tex. App.--Texarkana 2004, no pet.).

[E] Tax Lender Failed to Set Up Meritorious Defense

As the second element to obtain a new trial, Tax Lender was required to establish a meritorious defense. "To establish a meritorious defense, the movant must basically prove the same defense which must be established if he is later to have a judgment in his favor. A meritorious defense is one going to the merits, substance or essentials of the case." Stock v. Stock, 702 S.W.2d 713, 715 (Tex. App.--San Antonio 1985, no writ). The meritorious defense must address or defeat all causes of action pled. See, Equinox Enterprises, Inc. v. Associated Media, Inc., 730 S.W.2d 872, 876 (Tex. App.--Dallas 1987, no writ). Furthermore, all elements of the defense must be established. As one appellate court has explained:

> In "setting up" a meritorious defense, the movant must allege facts, not conclusions. Moreover, those facts must constitute "prima facie" evidence of the defense. In other words, they must touch upon each element comprising the defense. For instance, if a defense were composed of elements "X," "Y," and "Z" but the evidence propounded addressed nothing other than component "X," then the movant would not have met his burden. Nothing less can be required if the courts are to adhere to the directive that the motion must be supported by affidavits or

other evidence proving prima facie that the defendant has such meritorious defense. Nothing less can be accepted as the courts strive to avoid reopening cases simply to try out fictitious or unmeritorious defenses.

Hicks v. Flores, 900 S.W.2d 504, 506-07 (Tex. App.--Amarillo 1995, no writ).

"To meet the requirement that the motion set up a meritorious defense, the defendant must alleged facts which in law would constitute a defense to the cause of action asserted by the plaintiff. Those facts must be supported by affidavits or other evidence proving, prima facie, that the defendant has a meritorious defense." Siegler v. Williams, 658 S.W.2d 236, 239 (Tex. App.--Houston [1st Dist.] 1983, no writ). Affidavits containing conclusions and conclusory evidence are devoid of probative value. Prime Prods., Inc. v. SSI Plastics, 97 S.W.3d 631, 637 (Tex. App.--Houston [1st Dist.] 2002, pet. denied). As applied to affidavits supporting motions for new trial, conclusions and conclusory evidence fails to satisfy the defaulting defendant's burden of establishing a meritorious defense. Wates v. Carlock, 1996 WL 603863 at 3-4 (Tex. App.--Amarillo 1996, writ denied); Salt Water Resources v. Kirkpatrick & O'Donnell Const. Equipment Co., 694 S.W.2d 122,

123 (Tex. App.--Dallas 1985, no writ).

In the case at bar, Tax Lender's president testified as follows:

> The Plaintiffs allege that the failure to provide insurance on their properties was somehow the fault of Alamo Home Finance, Inc. However, when the Duran's closed their loan with Alamo, they specifically stated they did not want insurance on the property because the properties were already insured. At the Plaintiffs' request, Alamo never contracted to purchase insurance on the Plaintiffs' behalf and never otherwise had a responsibility to do so.

Cl.R. 48. Such statements are conclusory, because the who, what, why, when and where remain completely unmentioned. Likewise, no documentation or other evidence was presented in support thereof. Cl.R. 39-48. Thus, such statements fail to warrant a new trial. See, K & M Tools, Inc. v. Bencon Management and General Contracting Corp., 1997 WL 605097 at 3 (Tex. App.--Houston [14th Dist.] 1997, writ denied); Haskins v. Finks, 470 S.W.2d 717, 718 (Tex. Civ. App.--Eastland 1971, writ ref'd n.r.e.).

Ignoring the conclusory nature of such evidence, Tax Lender's statement further fails to establish a meritorious because it fails to address all the causes of action listed. In their second amended petition, Home Owners sued Tax Lender for unconscionable course

43

of conduct, omission of facts and information, breach of fiduciary duty, fraud, and negligence. 1 Supp.Cl.R. 52-57. In order to obtain a new trial, Tax Lender was required to address all asserted causes of action. <u>Hicks v. Flores</u>, <u>supra</u>.[14] Tax Lender's conclusory statement, even if assumed true, does not explain why Home Owner's were charged for insurance when they did not receive it. Accordingly, Tax Lender was not entitled to a new trial.

<u>[F] Tax Lender's Offers of Equity Insufficient</u>

Finally, to obtain a new trial, a defendant must demonstrate that the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. Concededly, no hard and fast rule exists for satisfying this element; rather, whether its satisfaction lies within the discretion of the trial court. <u>United Beef Producers, Inc. v. Lookingbill</u>, 532 S.W.2d 958, 959 (Tex. 1976). While often getting the short shrift, this element is just as important as the other elements contained in the *Craddock* formulation. Should a defendant fail to satisfy this element, the trial court properly denies

---

[14]Tax Lender's assertion that Home Owners' claims are barred by limitations, Appellant's Brief, p. 17, are not properly before this Court. First, they were not contained in Tax Lender's initial motion for new trial. Cl.R. 39-44. Second, the statute of limitations for fraud is four years. <u>Williams v. Khalaf</u>, 802 S.W.2d 651 (Tex. 1990).

a motion for new trial.  <u>Glittenberg v. Hughes</u>, 524 S.W.2d 954, 956 57 (Tex. Civ. App.--Fort Worth 1975, no writ).

Absent unusual circumstances, to satisfy this element, the defaulting defendant must offer to reimburse the plaintiff, <u>White v. Douglas</u>, 569 S.W.2d 635, 637 (Tex. Civ. App.--Texarkana 1978, no writ), and must offer to go to trial immediately.  <u>First National Bank of Bryan v. Peterson</u>, 709 S.W.2d 276, 279 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e).   For example, in <u>O'Connell v. O'Connell</u>, 843 S.W.2d 212 (Tex. App.--Texarkana 1992, no writ), the defaulting defendant requested that the trial court set the case for retrial "at any time after the expiration of 30 days".  Thus, the defaulting party was not "ready, willing and able" to "proceed with trial immediately as required by the third prong of *Craddock*.  This is true despite almost five months having passed since the case was first set for trial and forty five days having passed since the trial court entered the default judgment against her."  Thus, the trial court did not abuse its discretion in denying the motion for new trial. <u>Id.</u> at 220.

In the case at bar, Tax Lender failed to satisfy this require-ment.  It failed to offer to proceed to trial immediately, Cl.R. 44,

especially in light of the prior delay already encountered in the prosecution of this matter. 1 Supp.Cl.R. 32. As a result, the trial court did not abuse its discretion in refusing to grant a new trial. Texas General Indem. Co. v. McKay, 595 S.W.2d 884, 887 (Tex. Civ. App.--Waco 1980, writ ref'd n.r.e.).

## CONCLUSION AND PRAYER

Tax Lender's conduct herein reeks of unfairness. Regardless of who said what about insurance herein, it is fundamentally unfair to take a portion the loan proceeds for insurance, and then fail to purchase it. It is fundamentally unfair to admit before the trial court that service was proper, and then claim before the appellate court that it was not. It is fundamentally unfair to not appraise both the trial court and the plaintiff of service complaints, in order to permit the actual facts to be developed and any typographical errors to be corrected. And it is fundamentally unfair to hold that a trial court abused its discretion, when it is not ever called upon to exercise such discretion. Unless the legal system and its rules are to be replaced with the law of the jungle, such fundamental unfairness must possess consequences. And as applied to Tax

Lender herein, such consequences mean that its efforts to set aside the default judgment must be denied.

WHEREFORE, PREMISES CONSIDERED, **MARIO DURAN** and **MARIA DURAN**, **Appellees**, respectfully pray that the judgment of the trial court be **AFFIRMED**, and for all other and further relief, either at law or in equity, to which Appellees show themselves justly entitled.

Respectfully submitted,

**LIVESAY LAW OFFICE**
BRAZOS SUITES NO. 9
517 West Nolana
McAllen, Texas  78504
(956) 928-0149

By: __Keith C. Livesay_____
    **KEITH C. LIVESAY**
    State Bar. No. 12437100

**Francisco J. Rodriguez**
State Bar No. 17145800
**LAW OFFICE OF FRANCISCO J. RODRIGUEZ**
1111 W. Nolana Ave.
McAllen, Texas  78504
Tel:  (956) 687-4363
Fax: (956) 687-6415

## CERTIFICATE OF COMPLIANCE

I, **KEITH C. LIVESAY**, do hereby certify that the above and

foregoing brief was generated using Word 2007 using 14 point font and contains 9661 words.

By: \_\_\_\_Keith C. Livesay_____
**KEITH C. LIVESAY**


## CERTIFICATE OF SERVICE

I, **KEITH C. LIVESAY**, do hereby certify that I have caused to be delivered a true and correct copy of the above and foregoing document to Opposing Counsel on this the 9th day of March, 2015.

By: \_\_\_\_Keith C. Livesay_____
**KEITH C. LIVESAY**